

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) KEVIN L. JETER, Individually;  )
(2) JOE A. JETER, Individually;  )
(3) BARBARA LUCAS, Individually;  )
(4) JAMES H. MILLER, Individually;  )
(5) SHARON RIGSBY MILLER, Individually;  )
(6) LARRY SMITH, Individually;  )
(7) JANICE SUE PARKER, Individually;  )
(8) JAMES D. ENLOE, Individually;  )
(9) CAROLYN R. ENLOE, Individually;  )
(10) SCOTT BAILY, Individually; and  )
(11) as Class Representative(s) on Behalf of All  )
Similarly-Situated Persons,  )
                  )
        Plaintiffs,  )
          )
v.  )
          )
(1) CEP MID-CONTINENT L.L.C.,  )
(2) ROBERT M. KANE, Individually,  )
(3) LOUISE KANE ROARK, Individually,  )
(4) ANN KANE SEIDMAN, Individually,  )
(5) MARK KANE, Individually,  )
(6) PAMELA BROWN, Individually, and  )
(7) GARY BROWN, Individually,  )
          )
        Defendants.  )

**FILED**

AUG 1 4 2015

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Case No.

**15 CV - 455 JED - TLW**

**JURY TRIAL DEMANDED.**
**ATTORNEYS' LIEN CLAIMED.**

### COMPLAINT

Plaintiffs, Individually, KEVIN L. JETER, JOE A. JETER, BARBARA LUCAS, JAMES

H. MILLER, SHARON RIGSBY MILLER, LARRY SMITH, JANICE SUE PARKER, JAMES D.

ENLOE, CAROLYN R. ENLOE and SCOTT BAILEY and as Class Representatives on behalf of

all similarly-situated Persons ("the Class"), hereby submit their individual claims, as well as the

claims held by all members of the Class, against Defendants, upon the following grounds and for

the following reasons:

Fees pd
+ summons

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiffs KEVIN L. JETER, JOE A. JETER, BARBARA LUCAS, JAMES H. MILLER, SHARON RIGSBY MILLER, and SCOTT BAILEY are citizens of the State of Oklahoma who have owned and/or currently own mineral interests in land that is located within this Judicial District.

2.      Plaintiff, LARRY SMITH, is a natural person, and a citizen of the State of Kansas. Mr. Smith owns a residence in Coffeyville, Kansas.

3.      Plaintiff JANICE SUE PARKER is a natural person, and a citizen of the State of Louisiana. Ms. Parker owns a residence in Hornbeck, Louisiana.

4.      Plaintiffs JAMES D. ENLOE and CAROLYN R. ENLOE are citizens of the State of Kansas who currently own mineral interests in land that is located within this Judicial District.

5.      KRS&K is and at all pertinent times was a general partnership organized and existing under the laws of the State of Oklahoma. The partnership is comprised of Robert Kane, Louise Rourke , Ann Siedman, and Mark Kane; two brothers and two sisters. KRS&K owns a fifty percent interest in Bullseye Energy, Inc., Bullseye Operating, LLC., Gashoma, Inc, Purgatory Creek Gas, Inc., White Hawk Gas, Inc, Wild West Gas, L.L.C., and New Cotton Valley Gas Transmission LLC.

6.      Defendant CEP Mid-Continent LLC., is and at all pertinent times was a Delaware limited liability company organized and existing under the laws of the State of Delaware. CEP Mid-Continent, through assignment, as lessee, owns a fifty (50) percent interest in the leases of the Plaintiffs and the prospective class members that is the subject of this case.

7.      Bullseye Energy, Inc. is and at all pertinent times was an Oklahoma corporation organized and existing under the laws of the State of Oklahoma. Bullseyey Energy, Inc. owns a fifty (50) percent interest in the leases of the Plaintiffs, as lessee, and the prospective class members that

2

is the subject of this case.

8.      Gashoma, Inc. is and at all pertinent times was an Oklahoma corporation organized and existing under the laws of the State of Oklahoma. Gashoma, Inc. is a company provides services for the gathering of natural gas from the leases of the Plaintiffs and the prospective class members that is the subject of this case.

9.      Purgatory Creek Gas, Inc. is and at all pertinent times was an Oklahoma corporation organized and existing under the laws of the State of Oklahoma. Purgatory Creek Gas, Inc. is a company provides services for the gathering of natural gas from the leases of the Plaintiffs and the prospective class members that is the subject of this case.

10.     White Hawk Gas, Inc. is and at all pertinent times was an Oklahoma corporation organized and existing under the laws of the State of Oklahoma. White Hawk Gas, Inc. is a company provides services for the gathering of natural gas from the leases of the Plaintiffs and the prospective class members that is the subject of this case.

11.     Wild West Gas, L.L.C. is and at all pertinent times was an Oklahoma limited liability company organized and existing under the laws of the State of Oklahoma. Wild West Gas, L.L.C. was formerly known as Wild West Gas, Inc. Wild West Gas, L.L.C. is a company provides services for the gathering of natural gas from the leases of the Plaintiffs and the prospective class members that is the subject of this case.

12.     Defendant Robert M. Kane is a natural person, and a citizen of the State of Oklahoma. Mr. Robert M. Kane serves as President of Bullseye Energy, Inc., Gashoma, Inc. Purgatory Creek Gas, Inc. and serves as the managing partner for White Hawk Gas, LLC, Wild West Gas, LLC, Bullseye Operating, LLC, and New Cotton Valley Gas Transmission LLC.

13.     Defendant Louise Rourke is a natural person, and a citizen of the State of Oklahoma.

3

Louise Rourke owns a twenty-five percent interest in KRS&K and owns an interest in Bullseye Energy, Inc., Bullseye Operating, LLC, Gashoma, Purgatory Creek Gas, Inc., White Hawk Gas, Wild West Gas, LLC, and New Cotton Valley Gas Transmission LLC.

14.     Defendant Ann Siedman is a natural person, and a citizen of the State of Pennsylvania. Ann Siedman owns a twenty-five percent interest in KRS&K and owns an interest in Bullseye Energy, Inc., Bullseye Operating, LLC, Gashoma, Inc., Purgatory Creek Gas, Inc., White Hawk Gas, LLC, Wild West Gas, LLC, and New Cotton Valley Gas Transmission LLC.

15.     Defendant Mark Kane is a natural person, and a citizen of the State of Oklahoma. Mark Kane owns a twenty-five percent interest in KRS&K and owns an interest in Bullseye Energy, Inc., Bullseye Operating, LLC, Gashoma, Purgatory Creek Gas, Inc., White Hawk Gas LLC, Wild West Gas, LLC, and New Cotton Valley Gas Transmission LLC.

16.     Defendant Pamela Brown is a natural person, and a citizen of the State of Oklahoma. Pamela Brown is the wife of Defendant Gary Brown. Pamela Brown is upon information and belief an employee of Bullseye Energy, Inc. and Bullseye Operating, LLC, and does work for Gashoma, Inc., Purgatory Creek Gas, Inc., White Hawk Gas LLC, Wild West Gas, LLC, and New Cotton Valley Gas Transmission LLC. Pamela Brown markets the gas produced from the Plaintiff's and prospective class member's leases to the end purchasers. Pamela Brown, upon information and belief, is the compliance officer for New Cotton Valley Gas Transmission LLC and was formerly the compliance officer for Cotton Valley Compression LLC.

17.     Defendant Gary Brown is a natural person, and a citizen of the State of Oklahoma. Gary Brown is the husband of Pamela Brown. Gary Brown is an employee of Bullseye Energy, Inc. and Bullseye Operating, LLC, and performs work and services, at the direction of Robert Kane, for Gashoma, Inc., Purgatory Creek Gas, Inc., White Hawk Gas, LLC, Wild West Gas, LLC, and New

4

Cotton Valley Gas Transmission LLC.

18.     The events giving rise to the entitlement of Plaintiffs (and the Class) to receive royalty payments from the Leases and the Wells (based on the proceeds of the sale of the Production) occurred, at least in substantial part, within this Judicial District.  The omissions to pay the full and required amounts of royalty payments to Plaintiffs (and members of the Class) occurred, at least in substantial part, within this Judicial District. The concealment of the underpayment of royalties to Plaintiffs (and the Class) occurred, at least in substantial part, within this Judicial District.

19.     Plaintiffs, individually and as Class Representatives, assert claims against Defendants Robert Kane, Louise Rourke, Ann Siedman, Mark Kane, Pamela Brown, Gary Brown and CEP Mid-Continenet, L.L.C. that are founded upon federal question subject matter jurisdiction under 28 U.S.C. §1331 and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962.

20.     Venue, for the Civil RICO claims, is appropriate in this court because the location of the predicate acts, enterprise, and spoils are all here within the Northern District of Oklahoma.

21.     As set forth in more detail below, the class-definition limits the members of the proposed Class in the aggregate to individuals and entities who, as of the date of the commencement of the instant action, have owned or currently own mineral interests in land that is located within the geographical boundaries of the United States Judicial District known as the Northern District of Oklahoma.

22.     As set forth in more detail below, Plaintiffs bring this lawsuit on behalf of themselves and all others similarly situated pursuant to the Racketeering Influenced and Corrupt Organizations Act ("RICO"), under, 18 U.S.C. §1962(c) and 18 U.S.C. § 1962(d).  In regard to Civil RICO, federal

subject matter jurisdiction arises from claims asserted herein, pursuant to 18 U.S.C. §1964 and 28 U.S.C. §1331. Also, venue is proper in this federal judicial district, in accordance with, 18 U.S.C. §1965(a), which provides for venue in any federal district in which a RICO defendant transacts his affairs, and 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to Plaintiffs' claims occurred in this federal judicial district.

23.     The number of Class members exceeds One Hundred (100), in that hundreds of mineral owners and hundreds of producing wells are the subjects of the instant action, and the number of royalty owners who constitute the Class is so numerous that joinder of each as a separate plaintiff would be impracticable. Accordingly, Plaintiffs sue both on their own behalf and on behalf of, and for the benefit of, all other royalty owners who have had or currently have leases in this judicial district.

24.     This Court's exercise of personal jurisdiction over the Defendants is justified and authorized under the Oklahoma "long-arm jurisdiction" statute, and comports with the Due Process Clause of the Fifth Amendment of the Constitution of the United States.

25.     Bullseye Energy, KRS&K and CEP Mid-Continent have been and continue to be engaged actively in acquiring, developing, operating, and producing oil and natural gas properties within this Judicial District. Plaintiffs and the Class have owned or currently own oil, gas, and mineral interests in lands and producing wells that have been drilled on land that is located within this Judicial District ("the Lands"). The oil, gas, and mineral interests that have been or are currently owned by Plaintiffs and the Class in the Lands have been or currently are subject to oil and gas leases pursuant to which wells were drilled and completed on the Lands ("the Leases").

26.     Bullseye Energy, KRS&K, Redbird, Gashoma, and CEP Mid-Continent, own or owned, and/or control or controlled the Leases and/or working interests created by the Leases.

6

Bullseye Energy, KRS&K, Redbird, Gashoma, and CEP act or acted as, and/or control or controlled, operators of the wells that were drilled pursuant to the Leases ("the Wells"). Wild West, White Hawk, Purgatory, and New Cotton Valley Compression have gathered, produced, and sold (and continue to gather, produce, and sell) natural gas and/or natural gas liquids from the Leases and from the Wells ("the Production").

## FACTS SUPPORTING THE CLAIMS
## ASSERTED BY PLAINTIFFS AND THE CLASS

27.     Plaintiffs restate, adopt, and incorporate by reference all allegations set forth in the paragraphs above.

28.     At all pertinent times, including the present time, the Bullseye Energy, KRS&K, Redbird, Gashoma, and CEP Mid-Continent acted and/or continue to act as, or controlled and/or control, the lessees and operators of the Leases and the Wells, and at all pertinent times Plaintiffs and the Class have owned or currently own royalty interests in the Lands, the Leases, the Wells, and/or the Production.

29.     Bullseye Energy, KRS&K, Redbird, Gashoma, and CEP Mid-Continent have taken and continue to take (and/or authorize/control) the taking of numerous unauthorized and unlawful deductions from the royalties belonging to Plaintiffs and the Class.  Wild West, White Hawk, Purgatory, and New Cotton Valley Compression have created and continue to use various physical assets, arrangements, and structures related to the processing and sale of the Production, and have used and continue to use the same, as well as other means, to take deductions to which none of them is entitled, in part by imposing, now and in the past, unlawful charges and unlawful deductions against the royalties due to Plaintiffs and the Class in contractual violation of the Leases and in violation of Oklahoma law.

7

30.     Bullseye Energy, KRS&K, Redbird, Gashoma Wild West, White Hawk, Purgatory and CEP Mid-Continent are underpaying the royalties belonging to Plaintiffs and the Class by calculating the royalties through self-dealing sales to affiliated purchasers instead of calculating the proper royalties owed to Plaintiffs and the Class based upon the sale of natural gas to the ultimate end purchasers. These entities are engaging in this self-dealing by selling natural gas to themselves, through affiliated purchasers, at a reduced rate and paying the royalty owners based on this fraudulent skimming scheme. Additionally, these entities may have underpaid royalties in other ways not yet known to Plaintiffs and the Class.

31.     The accounting systems used to calculate and distribute royalty payments to Plaintiffs (and the Class), upon information and belief, starting in 2000, do not make any adjustments for any individual Leases, thus unlawful deductions and underpayment of royalties are occurring regardless of the provisions of any particular Lease and in direct/explicit violation of the contractual terms of certain Leases. This conduct has been and continues to be (i) a cause of unauthorized and unlawful deductions being taken now and in the past from the royalties due to Plaintiffs and the Class under certain Leases and Oklahoma law, and (ii) the unlawful and fraudulent payment of royalties that were and are based on less than the true actual market price received for the sale of the Production, (iii) the deductions taken were excessive, inflated, and/or not reasonable; and (iv) a cause of concealment that has been and continues to be perpetrated against Plaintiffs and the Class.

32.     Defendants have known and continue to know that the method and manner in which royalties are calculated and paid to Plaintiffs (and the Class) were not (and are not) in accordance with the contractual obligations to Plaintiffs (and the Class), including, without limitation, the Defendants' obligations established by the provisions of the Leases and the statutory obligations imposed upon the Defendants by the laws of Oklahoma relating to full, fair, and timely payment of

8

royalty proceeds and relating to the Defendants' implied duty to market and sell the Production.

## CLASS ACTION REQUIREMENTS

33.    Plaintiffs restate, adopt, and incorporate by reference all allegations set forth in the paragraphs above.

34.    Under the authority of Fed.R.Civ.P. 23, Plaintiffs bring, certain claims within this action, as a class action and as the representatives of the Class. Plaintiffs will file a separate motion(s), in accordance with the court's future scheduling order, seeking an order that certifies a class and/or certain sub-classes.

35.    Plaintiffs seek the certification of a Class for their claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) comprised as follows:

All non-excluded persons and entities who, as of the date of filing of this Complaint, are or were royalty owners in producing gas wells located in the Northern District of Oklahoma where one or more of the Defendants is or was a lessee and/or operator and/or working-interest owner under the Leases, and/or where the Defendants control or controlled the operators, working-interest owners, and/or lessees under the Leases. The Class does not include overriding royalty owners or other owners who derive their interest through the oil and gas lessee.  The Class does not include any wells located on federal, state, county, municipal, military, or Indian lands in which one or more Defendants own any interests.

The persons or entities excluded from the Class are persons or entities who are not citizens of any State on the date of filing this Complaint, persons or entities who have settled or released their royalty-related claims with any of the Defendants as of the date of filing of this Complaint, any Indian Tribe or Nation, federal, state and local governments, including agencies, departments, or instrumentalities of the United States of America and State of Oklahoma (including public trusts, counties, and municipalities), publicly traded oil and gas exploration companies and their affiliates, and persons or entities that Plaintiffs' counsel are prohibited from representing under the Oklahoma Rules of Professional Conduct.

Other persons or entities excluded from the Class are persons or entities who have entered into Leases with any of the Defendants which contain specialized contractual

9

provisions allowing Defendants to subtract expenses/costs from royalties.[1]

36.     This Class (and/or, potentially Sub-Class(es)) are so numerous and meet the numerosity requirement because Defendants have operated, or operate, and/or owned or own working interests in and/or controlled or control sale of the Production from several hundred wells in Oklahoma.  The precise number of Leases, Wells, and Class members is within the exclusive knowledge of these Defendants. This Class (and/or, potentially Sub-Class(es)) have more than 100 members, and the total number of members is so numerous that joinder of all members is impracticable.

37.     Bullseye Energy and Defendant CEP Mid-Continent are the current and/or past owners of the Leases, or controlled and/or control such owners, and operate and/or operated wells drilled pursuant to the Leases, or controlled and/or control the operators of such wells. Wild West, White Hawk, Purgatory (and New Cotton Valley Compression) have controlled and/or control the gathering, processing, and/or sale of the Production.

38.     The averments of fact and questions of law herein are common to the Class (and/or, potentially Sub-Class(es)).  The claims asserted by Plaintiffs are typical of the claims of the Class (and/or, potentially Sub-Class(es)) . The factual and legal issues in this action are of common and general interest to all royalty owners whose producing gas wells are located within this Judicial District and who were and are dependent upon and subject to the activity, including the wrongful conduct, of the Defendants that is alleged in this Second Amended Complaint.

39.     Plaintiffs and the Class (and/or, potentially Sub-Class(es)) are or were mineral interest owners under the Leases.  Plaintiffs' claims are typical of the Class (and/or, potentially Sub-

---

Additionally, sub-classes may be proposed, particularly, for class members who have leases allowing for deduction of costs and have been overcharged for these costs.

Class(es)) members' claims relating to the Leases, the Wells, and the Production, and the Defendants' anticipated defenses to Plaintiffs' claims are typical of the anticipated defenses that are likely to be asserted by the Defendants in opposing the claims of all other Class (and/or, potentially Sub-Class(es)) members.

40.    Plaintiffs will fairly and adequately protect the interests of the Class (and/or, potentially Sub-Class(es)). Plaintiffs' interests do not conflict with the interests of the Class (and/or, potentially Sub-Class(es)). Plaintiffs are represented by counsel who are both skilled and experienced in oil and gas accounting, complex civil securities litigation, Civil RICO litigation, including, but not limited to, large and protracted class actions.

41.    The averments of fact and questions of law which are common to the members of the Class (and/or, potentially Sub-Class(es)) predominate over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Certification of a Class (and/or, potentially Sub-Class(es)) is the superior method for litigating the claims asserted in this action, because:

(1) The questions of law and fact are so uniform across the Class (and/or, potentially Sub-Class(es)) that there is no reason why individual Class (and/or, potentially Sub-Class(es)) members would want to control the prosecution of their own civil actions, at their own expense;

(2) The interests of all parties and the judiciary in resolving these matters in one forum without the need for a multiplicity of actions are great and substantial;

(3) The difficulties in managing this class action will be slight in relation to the potential benefits to be achieved on behalf of every Class (and/or, potentially Sub-Class(es)) member, and not just those who can afford to bring their own actions;

(4) Many of the Class (and/or, potentially Sub-Class(es)) members may never discover that the Defendants caused the under-payments made to them; and

(5) Class (and/or, potentially Sub-Class(es)) certification will promote orderly, efficient, expeditious, and appropriate adjudication and administration of class claims, to promote economies of time and resources.

42.     Prosecuting separate actions brought by individual Class (and/or, potentially Sub-Class(es)) would create a risk of (1) inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendants, and (2) adjudications with respect to individual Class (and/or, potentially Sub-Class(es)) members that, as a practical matter, would be dispositive of the interests of the other members who are not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

COUNT I

**VIOLATION OF THE RACKETEER INFLUENCED
AND CORRUPT ORGANIZATION ACT ("RICO")**
(Against Individual Defendant Robert M. Kane)

A. Incorporation By Reference of Factual Allegations

43.     Plaintiffs restate, adopt, and incorporate by reference all allegations set forth in the paragraphs above.

B. Parties for Civil RICO Claim

44.     Plaintiffs LARRY SMITH, JANICE SUE PARKER, JAMES D. ENLOE, CAROLYN R. ENLOE, and SCOTT BAILEY are the parties plaintiff to this cause of action.

45.     The Defendant named in this RICO claim is Robert M. Kane.

C. Enterprise

46.     The association-in-fact "enterprise", for this cause of action, consisted of the entities Wild West Gas, L.L.C., an Oklahoma limited liability company, White Hawk Gas, Inc., an Oklahoma corporation, and Purgatory Creek Gas, Inc., an Oklahoma corporation, hereinafter "Wild West-White Hawk-Purgatory", the Civil RICO Enterprise.

47.     Defendant Robert M. Kane served, at all times material hereto, as the President of

12

White Hawk Gas, Inc. and Purgatory Creek Gas, Inc., both Oklahoma corporations. And, Defendant Robert M. Kane served, at all times material hereto, as the managing partner of Wild West Gas, L.L.C., an Oklahoma limited liability company.

48.     Defendant Robert M. Kane participated in the conduct of the alleged association-in-fact enterprise, Wild West-White Hawk-Purgatory (the RICO Enterprise) engaged in, or whose activities affect, interstate commerce.

49.     Defendant Robert M. Kane directly participated in the actual operation and/or management of the unlawful affairs of the corrupt association-in-fact enterprise, WildWest-WhiteHawk-Purgatory.

50.     Defendant Robert M. Kane participated in the fraudulent scheme, as alleged herein, and also participated in the operation and/or management of "WildWest-WhiteHawk-Purgatory", the association-in-fact enterprise.

D. Pattern of Racketeering Activity

51.     Defendant Robert M. Kane (as the managing partner and principal owner/control person of Wild West Gas, L.L.C.) committed numerous acts of mail fraud, indictable under 18 U.S.C. §1341, and wire fraud, indictable under 18 U.S.C. §1343, each of which constituted "racketeering activity" within the meaning of 18 U.S.C. §1961(i), and all of which collectively constituted part of a "pattern of racketeering activity" within the meaning of 18 U.S.C. §1961(5):

(A)     **Mail Fraud-18 U.S.C. §1341**-Defendant Robert M. Kane, did devise a scheme or artifice, to obtain property, by taking and/or authorizing the taking of numerous unauthorized and unlawful deductions from royalties properly and lawfully belonging to Plaintiffs, under certain leases. This scheme to defraud occurred by means of false and/or fraudulent pretenses, representations, or promises in that false

13

check stubs (showing zero or no deductions were taken from the proceeds of the sale of the natural gas) were deposited, sent, and/or delivered by the U.S. Postal Service to the Plaintiffs, on a monthly basis, since 2000.

(B)   **Wire Fraud-18 U.S.C. §1343**-Defendant Robert M. Kane, did devise a scheme or artifice, to obtain property, by taking and/or authorizing the taking of numerous unauthorized and unlawful deductions from the royalties properly and lawfully belonging to Plaintiffs, under certain leases. This scheme to defraud occurred by means of false and/or fraudulent pretenses, representations, or promises in that false check stubs, and other documentation, (showing zero or no deductions were taken from the proceeds of the sale of the natural gas) were caused to be transmitted by means of wire communication in interstate or foreign commerce, upon information and belief, on occasion, to the Plaintiffs, on a monthly basis since 2000.

(C)   As alleged herein, such false or fraudulent representations were made with the intent to defraud Plaintiffs;

(D)   Plaintiffs justifiably relied upon the false or fraudulent representations and promises and was damaged as a result.

(E)   Such injuries include, but are not necessarily limited to, the form of lost gas royalty property, as a direct, proximate, and foreseeable result of the scheme alleged herein

52.   Upon information and belief, in violation of 18 U.S.C. §1341 and §1343, Defendant Robert M. Kane used the U.S. Mail, a private and/or commercial interstate carrier to receive (or wire communications) to receive payments for natural gas sold and then transmit royalty payments, all such mailings and wire communications being incident to and an essential part of the scheme to defraud, and/or a step in the plot to defraud Plaintiffs and other victims.

14

53.     Upon information and belief, in perpetuation of the scheme to defraud Plaintiffs and other victims, Robert M. Kane, knowingly engaged or attempted to engage in multiple monetary transactions involving criminally derived property in violation of 18 U.S.C. §1957 by depositing payments received from purchasers of the natural gas, each in excess of $10,000.00, in a financial institution, knowing that the payments were derived from the unlawful activities of wire fraud and/or mail fraud, and which payments were, in fact, derived from unlawful activities of wire fraud and mail fraud as alleged above.

54.     The aforementioned actions constituted a pattern of racketeering activities affecting interstate commerce and designed to harm multiple parties, including Plaintiffs, and were effectuated by Defendant Robert M. Kane in violation of 18 U.S.C. §1962(c).

55.     As a result of the RICO violations, Plaintiffs suffered outrage, and severe economic damages, plus attorney fees wrongfully sustained.

56.     Plaintiffs are "persons" injured in their property by reason of a violation of 18 U.S.C. §1962 and may sue therefore in this Court and recover threefold the damages sustained and the costs of this suit, including reasonable attorney's fee pursuant to 18 U.S.C. §1964(c).

57.     The racketeering activity of the Defendant Robert M. Kane, and his conspirators, presents the potential to injure other potential persons or entities. Plaintiffs are only several, of hundreds of victims, in a continuing string of racketeering activity, a course of conduct which threatens to injure future victims.

E. Cause of Action Under 18 U.S.C. §1962(c)-Conducting the Affairs of the Enterprise

58.     Plaintiffs allege that Defendant Robert M. Kane, violated 18 U.S.C. §1962(c) which provides, in pertinent part, "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate. . .commerce, to conduct or

participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."

59.     Defendant Robert M. Kane served, at all times material hereto, was employed by and/or associated with WildWest-WhiteHawk-Purgatory" the RICO association in fact "enterprise".

60.     Defendant Robert M. Kane conducted, participated, and/or managed (directly or indirectly), in the conduct of such enterprise's affairs through a pattern of racketeering activity as alleged above.

F.  Cause of Action Under 18 U.S.C. §1962(d)-Conspiracy to Violate §1962(c)

61.     Plaintiffs restate, adopt, and incorporate by reference all allegations set forth in the paragraphs above.

62.     Plaintiffs allege that Defendant Robert M. Kane, violated 18 U.S.C. §1962(d) which provides, in pertinent part, "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

63.     Defendant Robert M. Kane, conspired to violate the provision of 18 U.S.C. §1962(c) by engaging in, and conspiring with other individuals, to participate in the pattern of racketeering activity, for the purposes described in paragraphs above.

G.  Damages Arising from Violation of 18 U.S.C. §1962

64.     By the acts and conduct of the Defendant Robert M. Kane, in violating the provisions of 18 U.S.C. §1962, as alleged herein, inclusive, Plaintiffs have collectively suffered economic loss in the form of lost gas royalty income, in an amount to be determined at trial, but exceeds, upon information and belief, $41,092.27 Dollars.

H.  Civil RICO 1962(c) Class Action Allegations

65.     Plaintiffs LARRY SMITH, JANICE SUE PARKER, JAMES D. ENLOE, and

16

CAROLYN R. ENLOE bring this action pursuant to Federal Rule of Civil Procedure Rule 23, on behalf of the following class:

> All non-excluded persons and entities who, as of the date of filing of this Complaint, are or were royalty owners in producing gas wells located in the Northern District of Oklahoma where one or more of the Defendants is or was a lessee and/or operator and/or working-interest owner under the Leases, and/or where the Defendants control or controlled the operators, working-interest owners, and/or lessees under the Leases. The Class does not include overriding royalty owners or other owners who derive their interest through the oil and gas lessee. The Class does not include any wells located on federal, state, county, municipal, military, or Indian lands in which one or more Defendants own any interests. The persons or entities excluded from the Class are persons or entities who are not citizens of any State on the date of filing this Complaint, persons or entities who have settled or released their royalty-related claims with any of the Defendants as of the date of filing of this Complaint, any Indian Tribe or Nation, federal, state and local governments, including agencies, departments, or instrumentalities of the United States of America and State of Oklahoma (including public trusts, counties, and municipalities), publicly traded oil and gas exploration companies and their affiliates, and persons or entities that Plaintiffs' counsel are prohibited from representing under the Oklahoma Rules of Professional Conduct. Other persons or entities excluded from the Class are persons or entities who have entered into Leases with any of the Defendants which contain specialized contractual provisions allowing Defendants to subtract expenses/costs from royalties.

66.     The Class is so numerous that joinder of all members is impracticable.

67.     The Class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

68.     Plaintiffs claims are typical of the claims of the Class. As alleged herein, Plaintiffs and members of the Class all sustained damages arising out of the common course of unlawful conduct.

69.     There are questions of law and fact common to the Class, including but not limited to:

-Whether the corrupt association-in-fact enterprise WildWest-WhiteHawk-Purgatory engaged in a common scheme, plan and course of conduct to underpay the royalties belonging to Plaintiffs and the Class by calculating the royalties through self-dealing sales to affiliated purchasers

instead of calculating the proper royalties owed to Plaintiffs and the Class based upon the sale of natural gas to the ultimate end purchasers?

-Whether the corrupt association-in-fact enterprise, WildWest-WhiteHawk-Purgatory engaged in a common scheme, plan, and course, whereby deductions taken and continuing to be taken include certain deductions and expenses, which were and are prohibited by certain Leases and Oklahoma law?

-Whether the corrupt association-in-fact enterprise, WildWest-WhiteHawk-Purgatory engaged in a common scheme, plan and course of conduct and continue to the present to deprive Plaintiffs and the Class of full royalties arising from the true market sale of the Production?

-Whether the corrupt association-in-fact enterprise, WildWest-WhiteHawk-Purgatory engaged in a common scheme, plan and course of to inflate gas gathering and transportation costs?

70.     This Civil RICO Class Action count is warranted under Rule 23(b)(2) because Defendants have acted on grounds generally applicable to the Class thereby making appropriate final injunctive relief with respect to the Class as a whole.

71.     Class action status is also warranted under Rule 23(b)(3) because questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## PRAYER AS TO CIVIL RICO-COUNT I

WHEREFORE, Plaintiffs, individually, pray for entry of a judgment in their favor and against the Defendant, Robert M. Kane, to include the following relief:

(a)     Certification of Count I, as a class action, pursuant to Fed.R.Civ.P. 23(b)(2) and/or 23(b)(3), and appointment of suitable Plaintiff(s) as Class Representatives and Plaintiffs' counsel as Class Counsel. A separate motion seeking such certification and appointment will be filed by Plaintiffs' counsel, after Class discovery and in accordance with the court's scheduling order;

(b)     An injunction to enjoin Robert M. Kane from any further racketeering acts;

(c)     Ordering Robert M. Kane, to divest him of any interest (direct or indirect), in any enterprise; imposing reasonable restrictions on the future activities of Robert M.

18

Kane, including, but not limited to, prohibiting Robert M. Kane from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate commerce; or ordering the dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons;

(d)     Awarding Plaintiffs Awarding Plaintiffs Larry Smith, Janice Sue Parker, James D. Enloe, Carolyn R. Enloe and Scott Bailey collectively, economic loss in the form of lost gas royalty property rights (i.e., royalties), to be proven and determined at trial, an amount, upon information and belief, exceeding the sum of, $44,000.00 Dollars;

(e)     Awarding Plaintiffs Larry Smith, Janice Sue Parker, James D. Enloe, Carolyn R. Enloe and Scott Bailey collectively, treble damages, for the loss of property rights (i.e., royalties) to be proven and determined, at trial, an amount, upon information and belief, exceeding the sum of $132,000.00, exclusive of interest and costs;

(f)     Awarding Civil RICO Conspiracy Class Plaintiffs, individually, economic loss in the form of property rights (i.e., royalties), to be proven and determined, at trial, an amount, upon information and belief, exceeding the sum of  sum of Five Million Dollars ($5.0 Million), exclusive of interest and costs;

(g)     Awarding Civil RICO Conspiracy Class Plaintiffs treble damages, for the loss of property rights (i.e., royalties) to be proven and determined, at trial, but in an amount, upon information and belief, exceeding the sum of Fifteen Million Dollars ($15.0 Million), exclusive of interest and costs;

(h)     Costs and compound interest as permitted by law;

(i)     Pre-judgment and Post-judgment interest;

(j)     An assessment of reasonable attorney's fee; and

(k)     Any other relief, whether legal or equitable, to which Plaintiffs are entitled to under the evidence presented to the Court.

<u>COUNT II</u>

**VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT ("RICO")**
(Against Individual Defendant Robert M. Kane)

A. Incorporation By Reference of Factual Allegations

72.     Plaintiffs restate, adopt, and incorporate by reference all allegations set forth in the paragraphs above.

19

B. Parties for Civil RICO Claim

73.     Plaintiff BARBARA LUCUS is the party plaintiff to this cause of action.

74.     The Defendant named in this RICO claim is Robert M. Kane.

C. Enterprise

75.     The association-in-fact "enterprise", for this cause of action, consisted of the entities Wild West Gas, L.L.C., an Oklahoma limited liability company, White Hawk Gas, Inc., an Oklahoma corporation, and Purgatory Creek Gas, Inc., an Oklahoma corporation, hereinafter "Wild West-White Hawk-Purgatory", the Civil RICO Enterprise.

76.     Defendant Robert M. Kane served, at all times material hereto, as the President of White Hawk Gas, Inc. and Purgatory Creek Gas, Inc., both Oklahoma corporations. And, Defendant Robert M. Kane served, at all times material hereto, as the managing partner of Wild West Gas, L.L.C., an Oklahoma limited liability company.

77.     Defendant Robert M. Kane participated in the conduct of the alleged association-in-fact enterprise, Wild West-White Hawk-Purgatory (the RICO Enterprise) engaged in, or whose activities affect, interstate commerce.

78.     Defendant Robert M. Kane directly participated in the actual operation and/or management of the unlawful affairs of the corrupt association-in-fact enterprise, WildWest-WhiteHawk-Purgatory.

79.     Defendant Robert M. Kane participated in the fraudulent scheme, as alleged herein, and also participated in the operation and/or management of "WildWest-WhiteHawk-Purgatory" the association-in-fact enterprise.

D. Pattern of Racketeering Activity

80.     Defendant Robert M. Kane (as the managing partner and principal owner/control

20

person of Wild West Gas, L.L.C.) committed numerous acts of mail fraud, indictable under 18 U.S.C. §1341, and wire fraud, indictable under 18 U.S.C. §1343, each of which constituted "racketeering activity" within the meaning of 18 U.S.C. §1961(i), and all of which collectively constituted part of a "pattern of racketeering activity" within the meaning of 18 U.S.C. §1961(5):

(A)     **Mail Fraud-18 U.S.C. §1341**-Defendant Robert M. Kane, did devise a scheme or artifice, to obtain property, under false pretenses by underpaying royalties belonging to Plaintiff Barbara Lucus through self-dealing sales to affiliated purchasers instead of calculating the proper royalties owed to her based upon the sale of natural gas to the ultimate end purchasers. This Defendant engaging in self-dealing by selling natural gas, through affiliated purchasers, at a reduced rate and paying the royalty owners based on a fraudulent skimming scheme. This scheme to defraud occurred by means of false and/or fraudulent pretenses, representations in that false checks and check stubs, not showing the proper royalties, were deposited, sent, and/or delivered by the U.S. Postal Service to the Plaintiff Barbara Lucus.

(B)     **Wire Fraud-18 U.S.C. §1343**-Defendant Robert M. Kane, did devise a skimming scheme or artifice, to obtain property, under false pretenses by underpaying royalties belonging to Plaintiff Barbara Lucus, through self-dealing sales to affiliated purchasers instead of calculating the proper royalties owed to her based upon the true market sale of natural gas to the ultimate end purchasers. This fraudulent skimming scheme was accomplished through the utilization of wire communications in interstate commerce (i.e., telephone calls, mobile and/or cellular telephone calls, text messages, facsimiles, e-mails, and/or the wire transfer of funds) that were done by Defendant Robert M. Kane.

21

(C)    As alleged herein, such false or fraudulent representations were made with the intent to defraud Plaintiff Barbara Lucus;

(D)    Plaintiff Barbara Lucus justifiably relied upon the false and fraudulent representations set forth in the royalty checks and check stubs; and justifiably relied upon the false and fraudulent amount of underpaid royalties set-forth in the checks and check stubs; and was damaged as a result.

(E)    Such injuries include, but are not necessarily limited to, the form of lost gas royalty property, as a direct, proximate, and foreseeable result of the scheme alleged herein

81.    Upon information and belief, in violation of 18 U.S.C. §1341 and §1343, Defendant Robert M. Kane used the U.S. Mail, a private and/or commercial interstate carrier to receive (or wire communications) to receive payments for natural gas sold and then transmit royalty payments, all such mailings and wire communications being incident to and an essential part of the scheme to defraud, and/or a step in the plot to defraud Plaintiff Barbara Lucus and other victims.

82.    Upon information and belief, in perpetuation of the scheme to defraud Plaintiff Barbara Lucus and other victims, Robert M. Kane, knowingly engaged or attempted to engage in multiple monetary transactions involving criminally derived property in violation of 18 U.S.C. §1957 by depositing payments received from purchasers of the natural gas, each in excess of $10,000.00, in a financial institution, knowing that the payments were derived from the unlawful activities of wire fraud and/or mail fraud, and which payments were, in fact, derived from unlawful activities of wire fraud and mail fraud as alleged above.

83.    The aforementioned actions constituted a pattern of racketeering activities affecting interstate commerce and designed to harm multiple parties, including Plaintiff Barbara Lucus, and were effectuated by Defendant Robert M. Kane in violation of 18 U.S.C. §1962(c).

84.     As a result of the RICO violations, Plaintiff Barbara Lucus suffered outrage, and severe economic damages, plus attorney fees wrongfully sustained.

85.     Plaintiff Barbara Lucus is a "person" injured in her property by reason of a violation of 18 U.S.C. §1962(c) and may sue therefore in this Court and recover threefold the damages sustained and the costs of this suit, including reasonable attorney's fee pursuant to 18 U.S.C. §1964(c).

86.     The racketeering activity of the Defendant Robert M. Kane, and his conspirators, presents the potential to injure other potential persons or entities. Plaintiff Barbara Lucus is only one of an extensive number of victims, in a continuing string of racketeering activity, a course of conduct which threatens to injure future victims.

E. Cause of Action Under 18 U.S.C. §1962(c)-Conducting the Affairs of the Enterprise

87.     Plaintiffs allege that Defendant Robert M. Kane, violated 18 U.S.C. §1962(c) which provides, in pertinent part, "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate. . .commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."

88.     Defendant Robert M. Kane served, at all times material hereto, was employed by and/or associated with WildWest-WhiteHawk-Purgatory" the RICO association in fact "enterprise".

89.     Defendant Robert M. Kane conducted, participated, and/or managed (directly or indirectly), in the conduct of such enterprise's affairs through a pattern of racketeering activity as alleged above.

F. Cause of Action Under 18 U.S.C. §1962(d)-Conspiracy to Violate §1962(c)

90.     Plaintiffs restate, adopt, and incorporate by reference all allegations set forth in the

23

paragraphs above.

91.     Plaintiffs allege that Defendant Robert M. Kane, violated 18 U.S.C. §1962(d) which provides, in pertinent part, "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

92.     Defendant Robert M. Kane, conspired to violate the provision of 18 U.S.C. §1962(c) by engaging in, and conspiring with other individuals, to participate in the pattern of racketeering activity, set-forth, in above paragraphs.

G. Damages Arising from Violation of 18 U.S.C. §1962

93.     By the acts and conduct of the Defendant Robert M. Kane, in violating the provisions of 18 U.S.C. §1962, as alleged herein, inclusive, Plaintiff Barbara Lucus has suffered economic loss in the form of lost gas royalty income, in an amount to be determined at trial, but exceeds, upon information and belief, $2,000.00 Dollars.

## PRAYER AS TO CIVIL RICO-COUNT II

WHEREFORE, Plaintiff, Barbara Lucus, individually, prays for entry of a judgment in her favor and against the Defendant, Robert M. Kane, to include the following relief:

(a)     An injunction to enjoin Robert M. Kane from any further racketeering acts;

(b)     Ordering Robert M. Kane, to divest him of any interest (direct or indirect), in any enterprise; imposing reasonable restrictions on the future activities of Robert M. Kane, including, but not limited to, prohibiting Robert M. Kane from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate commerce; or ordering the dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons;

(c)     Awarding Plaintiffs treble damages, for the loss of property rights (i.e., royalties) to be proven and determined, at trial, but in an amount, upon information and belief, exceeding the sum of $2,000.00, exclusive of interest and costs;

(d)     Costs and compound interest as permitted by law;

(e)     Pre-judgment interest;

(f)     An assessment of reasonable attorney's fee; and

(g)     Any other relief, whether legal or equitable, to which Plaintiffs are entitled to under
the evidence presented to the Court.

## COUNT III

**VIOLATION OF THE RACKETEER INFLUENCED
AND CORRUPT ORGANIZATION ACT ("RICO") UNDER 18 U.S.C. §1962(c)**
(Against Individual Defendants Robert M. Kane, Pamela Brown, and Gary Brown)

A. Incorporation By Reference of Factual Allegations

94.     Plaintiffs restate, adopt, and incorporate by reference all allegations set forth in the
paragraphs above.

B. Parties for This Civil RICO 1962(c) Claim

95.     Plaintiffs KEVIN L. JETER, JOE A. JETER, JAMES H. MILLER, SHARON
RIGSBY MILLER, LARRY SMITH, JANICE SUE PARKER, JAMES D. ENLOE, CAROLYN
R. ENLOE, and SCOTT BAILEY individually, and as Class Representatives on behalf of all
similarly-situated Persons ("the Civil RICO 1962(c) Class"), are the parties plaintiff to this cause
of action.

96.     The Defendants named in this the Civil RICO 1962(c) Count VII, are Robert M.
Kane, Pamela Brown, and Gary Brown.

97.     Defendant Robert M. Kane is a natural person, and a citizen of the State of
Oklahoma. Mr. Robert M. Kane serves as President of Bullseye Energy, Inc., Bullseye Operating,
LLC, Gashoma, Purgatory Creek Gas, Inc., White Hawk Gas, Wild West Gas, L.L.C., and New
Cotton Valley Gas Transmission LLC. Mr. Robert M. Kane serves as Manager of Wild West Gas,
LLC.

25

98.    Defendant Pamela Brown is a natural person, and a citizen of the State of Oklahoma. Pamela Brown is the wife of Defendant Gary Brown. Pamela Brown is upon information and belief an employee of Wild West Gas LLC and White Hawk Gas, Inc. and performs work for Bullseye Energy, Inc., Bullseye Operating, LLC, Gashoma, Purgatory Creek Gas, Inc., White Hawk Gas, Wild West Gas, L.L.C., and New Cotton Valley Gas Transmission LLC.. Pamela Brown markets the gas produced from the Plaintiff's and prospective class member's leases to the end purchasers. Pamela Brown is the Compliance officer for New Cotton Valley Gas Transmission LLC and was formerly the Compliance Officer for Cotton Valley Compression LLC.

99.    Defendant Gary Brown is a natural person, and a citizen of the State of Oklahoma. Gary Brown is the husband of Pamela Brown.

C.    Enterprise

100.    The association-in-fact "enterprise", for this cause of action, consists of the entities Wild West Gas LLC-White Hawk Gas, Inc.-Bullseye Energy, Inc.-Bullseye Operating, LLC-Gashoma,-Purgatory Creek Gas, Inc.,-White Hawk Gas-Wild West Gas, L.L.C., -New Cotton Valley Gas Transmission LLC (hereinafter the "Kane Criminal Enterprise"), Civil RICO Enterprise #2.

101.    Defendants Robert M. Kane, Pamela Brown, and Gary Brown participated in the conduct of the alleged association-in-fact Kane Criminal Enterprise which engaged in, or whose activities affected, interstate commerce.

102.    Defendants Robert M. Kane, Pamela Brown, and Gary Brown directly participated in the actual operation and/or management of the unlawful affairs of the Kane Criminal Enterprise.

D.    Pattern of Racketeering Activity

103.    Defendants Robert M. Kane, Pamela Brown, and Gary Brown committed numerous acts of mail fraud, indictable under 18 U.S.C. §1341, and wire fraud, indictable under 18 U.S.C.

26

§1343, each of which constituted "racketeering activity" within the meaning of 18 U.S.C. §1961(i), and all of which collectively constituted part of a "pattern of racketeering activity" within the meaning of 18 U.S.C. §1961(5):

 (A) **Mail Fraud-18 U.S.C. §1341**-Defendants Robert M. Kane, Pamela Brown, and Gary Brown, did devise a scheme or artifice, to obtain property, by taking and/or authorizing the taking of numerous unauthorized and unlawful deductions from royalties properly and lawfully belonging to Plaintiffs and the (Civil RICO 1962(c) Class), under certain leases. This scheme to defraud occurred by means of false and/or fraudulent pretenses, representations, or promises in that false check stubs (showing zero or no deductions were taken from the proceeds of the sale of the natural gas) were deposited, sent, and/or delivered by the U.S. Postal Service to the Plaintiffs (and the Civil RICO 1962(c) Class), on a monthly basis, since 2000.

 (B) **Wire Fraud-18 U.S.C. §1343**-Defendants Robert M. Kane, Pamela Brown, and Gary Brown , did devise a scheme or artifice, to obtain property, by taking and/or authorizing the taking of numerous unauthorized and unlawful deductions from the royalties properly and lawfully belonging to Plaintiffs (and the Civil RICO 1962(c) Class), under certain leases. This scheme to defraud occurred by means of false and/or fraudulent pretenses, representations, or promises in that false check stubs, and other documentation, (showing zero or no deductions were taken from the proceeds of the sale of the natural gas) were caused to be transmitted by means of wire communication in interstate or foreign commerce, upon information and belief, on occasion, to the Plaintiffs (and the Civil RICO 1962(c) Class), on a monthly basis since 2000.

(C)     As alleged herein, such false or fraudulent representations were made with the intent to defraud Plaintiffs KEVIN L. JETER, JOE A. JETER, JAMES H. MILLER, SHARON RIGSBY MILLER, LARRY SMITH, JANICE SUE PARKER, JAMES D. ENLOE, CAROLYN R. ENLOE, and SCOTT BAILEY  (and the Civil RICO 1962(c) Class);

(D)     Plaintiffs KEVIN L. JETER, JOE A. JETER, JAMES H. MILLER, SHARON RIGSBY MILLER, LARRY SMITH, JANICE SUE PARKER, JAMES D. ENLOE, CAROLYN R. ENLOE, and SCOTT BAILEY  (and the Civil RICO 1962(c) Class) justifiably relied upon the false or fraudulent representations and promises and were damaged as a result.

(E)     Such injuries include, but are not necessarily limited to,  the form of lost gas royalty property, as a direct, proximate, and foreseeable result of the scheme alleged herein.

104.    Upon information and belief, in violation of 18 U.S.C. §1341 and §1343, Defendants Robert M. Kane, Pamela Brown, and Gary Brown  used the U.S. Mail, a private and/or commercial interstate carrier to receive (or wire communications) to receive payments for natural gas sold and then transmit royalty payments, all such mailings and wire communications being incident to and an essential part of the scheme to defraud, and/or a step in the plot to defraud Plaintiffs and other victims.

105.    Upon information and belief, in perpetuation of the scheme to defraud Plaintiffs and other victims, Robert M. Kane, Pamela Brown, and Gary Brown , knowingly engaged or attempted to engage in multiple monetary transactions involving criminally derived property in violation of 18 U.S.C. §1957 by depositing payments received from purchasers of the natural gas, each in excess of $10,000.00, in a financial institution, knowing that the payments were derived from the unlawful

activities of wire fraud and/or mail fraud, and which payments were, in fact, derived from unlawful activities of wire fraud and mail fraud as alleged above.

106.    The aforementioned actions constituted a pattern of racketeering activities affecting interstate commerce and designed to harm multiple parties, including Plaintiffs, and were effectuated by Defendants Robert M. Kane, Pamela Brown, and Gary Brown in violation of 18 U.S.C. §1962(c).

107.    As a result of the RICO violations, Plaintiffs suffered outrage, and severe economic damages, plus attorney fees wrongfully sustained.

108.    Plaintiffs are "persons" injured in their property by reason of a violation of 18 U.S.C. §1962 and may sue therefore in this Court and recover threefold the damages sustained and the costs of this suit, including reasonable attorney's fee pursuant to 18 U.S.C. §1964(c).

109.    The racketeering activity of the Defendants Robert M. Kane, Pamela Brown, and Gary Brown , presents the potential to injure other potential persons or entities. Plaintiffs are only several, of hundreds of victims, in a continuing string of racketeering activity, a course of conduct which threatens to injure future victims.

E. Cause of Action Under 18 U.S.C. §1962(c)-Conducting the Affairs of the Enterprise

110.    Plaintiffs allege that Defendants  Robert M. Kane, Pamela Brown, and Gary Brown, violated 18 U.S.C. §1962(c) which provides, in pertinent part, "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate. . .commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."

111.    Defendants Robert M. Kane, Pamela Brown, and Gary Brown served, at all times material hereto, was employed by and/or associated with the Kane Criminal Enterprise.

29

112.   Defendants Robert M. Kane, Pamela Brown, and Gary Brown conducted, participated, and/or managed (directly or indirectly), in the conduct of such enterprise's affairs through a pattern of racketeering activity as alleged above.

F.  Civil RICO 1962(c) Class Action Allegations

113.   Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure Rule 23, on behalf of the following class:

> All non-excluded persons and entities who, as of the date of filing of this Complaint, are or were royalty owners in producing gas wells located in the Northern District of Oklahoma where one or more of the Defendants is or was a lessee and/or operator and/or working-interest owner under the Leases, and/or where the Defendants control or controlled the operators, working-interest owners, and/or lessees under the Leases. The Class does not include overriding royalty owners or other owners who derive their interest through the oil and gas lessee.  The Class does not include any wells located on federal, state, county, municipal, military, or Indian lands in which one or more Defendants own any interests. The persons or entities excluded from the Class are persons or entities who are not citizens of any State on the date of filing this Complaint, persons or entities who have settled or released their royalty-related claims with any of the Defendants as of the date of filing of this Complaint, any Indian Tribe or Nation, federal, state and local governments, including agencies, departments, or instrumentalities of the United States of America and State of Oklahoma (including public trusts, counties, and municipalities), publicly traded oil and gas exploration companies and their affiliates, and persons or entities that Plaintiffs' counsel are prohibited from representing under the Oklahoma Rules of Professional Conduct. Other persons or entities excluded from the Class are persons or entities who have entered into Leases with any of the Defendants which contain specialized contractual provisions allowing Defendants to subtract expenses/costs from royalties.[2]

114.   The Class is so numerous that joinder of all members is impracticable.

115.   The Class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

116.   Plaintiffs claims are typical of the claims of the Class. As alleged herein, Plaintiffs

---

Additionally, sub-classes may be proposed, particularly, for class members who have leases allowing for deduction of costs and have been overcharged for these costs.

and members of the Class all sustained damages arising out of the common course of unlawful

conduct.

117.    There are questions of law and fact common to the Class, including but not limited

to:

-Whether the Kane Criminal Enterprise engaged in a common scheme, plan and course of
conduct to underpay the royalties belonging to Plaintiffs and the Class by calculating the royalties
through self-dealing sales to affiliated purchasers instead of calculating the proper royalties owed
to Plaintiffs and the Class based upon the sale of natural gas to the ultimate end purchasers?

-Whether the Kane Criminal Enterprise engaged in a common scheme, plan, and course,
whereby deductions taken and continuing to be taken include certain deductions and expenses,
which were and are prohibited by certain Leases and Oklahoma law?

-Whether the Kane Criminal Enterprise Plaintiffs engaged in a common scheme, plan and
course of conduct, since the year 2000, and continue to the present to deprive Plaintiffs and the Class
of full royalties arising from the true market sale of the Production?

-Whether the Kane Criminal Enterprise engaged in a common scheme, plan and course of
to inflate gas gathering and transportation costs?

118.    This Civil RICO Class Action count is warranted under Rule 23(b)(2) because

Defendants have acted on grounds generally applicable to the Class thereby making appropriate final

injunctive relief with respect to the Class as a whole.

119.    Class action status is also warranted under Rule 23(b)(3) because questions of law

or fact common to the members of the Class predominate over any questions affecting only

individual members, and a class action is superior to other available methods for the fair and

efficient adjudication of this controversy.

F. Civil RICO Damages Arising from Violation of 18 U.S.C. §1962(c)

120.    By the acts and conduct of the Defendants Robert M. Kane, Pamela Brown, and Gary

Brown  in violating the provisions of 18 U.S.C. §1962(c), as alleged herein, inclusive, Plaintiffs,

individually, have collectively suffered economic loss in the form of lost gas royalty property, in an

31

amount to be determined at trial, but exceeds, upon information and belief, $63,000.00 Dollars.

121.    Compensatory damages against the Defendants Robert M. Kane, Pamela Brown, and Gary Brown, for the underpayment of royalties to the Civil RICO Class members, in an amount, to be determined, at trial, but upon information and belief, exceeding the sum of Five Million Dollars ($5,000,000), exclusive of interest and costs.

## PRAYER AS TO CIVIL RICO 1962(c)-COUNT III

WHEREFORE, Plaintiffs, KEVIN L. JETER, JOE A. JETER, JAMES H. MILLER, SHARON RIGSBY MILLER, LARRY SMITH, JANICE SUE PARKER, JAMES D. ENLOE, CAROLYN R. ENLOE, and SCOTT BAILEY individually, and as Class Representatives on behalf of all similarly-situated Persons ("the Class") pray for entry of a judgment in their favor and against the Defendants, Robert M. Kane Robert M. Kane, Pamela Brown, and Gary Brown, to include the following relief:

(a) Certification of Count III, as a class action, pursuant to Fed.R.Civ.P. 23(b)(2) and/or 23(b)(3), and appointment of suitable Plaintiff(s) as Class Representatives and Plaintiffs' counsel as Class Counsel. A separate motion seeking such certification and appointment will be filed by Plaintiffs' counsel, after Class discovery and in accordance with the court's scheduling order;

(b) An injunction to enjoin Robert M. Kane, Pamela Brown, and Gary Brown from any further racketeering acts;

(c) Ordering Robert M. Kane, Pamela Brown, and Gary Brown, to divest him of any interest (direct or indirect), in any enterprise; imposing reasonable restrictions on the future activities of Robert M. Kane, Pamela Brown, and Gary Brown, including, but not limited to, prohibiting Robert M. Kane, Pamela Brown, and Gary Brown from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate commerce; or ordering the dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons;

(d) Awarding Plaintiffs, Kevin L. Jeter, Joe A. Jeter, James H. Miller, Sharon Rigsby Miller, Larry Smith, Janice Sue Parker, James D. Enloe, Carolyn R. Enloe, and Scott Bailey collectively, economic loss in the form of lost gas royalty property rights (i.e., royalties), to be proven and determined at trial, an amount, upon information and belief, exceeding the sum of, $66,000.00 Dollars;

32

(e)     Awarding Plaintiffs, Kevin L. Jeter, Joe A. Jeter, James H. Miller, Sharon Rigsby Miller, Larry Smith, and Janice Sue Parker, James D. Enloe, Carolyn R. Enloe, and Scott Baily, collectively, treble damages, for the loss of property rights (i.e., royalties) to be proven and determined, at trial, an amount, upon information and belief, exceeding the sum of $198,000.00, exclusive of interest and costs;

(f)     Awarding Civil RICO Conspiracy Class Plaintiffs, individually, economic loss in the form of property rights (i.e., royalties), to be proven and determined, at trial, an amount, upon information and belief, exceeding the sum of sum of Five Million Dollars ($5.0 Million), exclusive of interest and costs;

(g)     Awarding Civil RICO Conspiracy Class Plaintiffs treble damages, for the loss of property rights (i.e., royalties) to be proven and determined, at trial, but in an amount, upon information and belief, exceeding the sum of Fifteen Million Dollars ($15.0 Million), exclusive of interest and costs;

(h)     Costs and compound interest as permitted by law;

(i)     Pre-judgment and Post-judgment interest;

(j)     An assessment of reasonable attorney's fee; and

(k)     Any other relief, whether legal or equitable, to which Plaintiffs and Civil RICO Conspiracy Class Plaintiffs are entitled to under the evidence presented to the Court.

<u>COUNT IV</u>

**CONSPIRACY TO VIOLATE THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT ("RICO") UNDER 18 U.S.C. §1962(d)**
(Against Individual Defendants Louise Kane Roark, Ann Kane Seidman, Mark Kane and CEP Mid-Continent LLC)

A. <u>Incorporation By Reference of Factual Allegations</u>

122.    Plaintiffs restate, adopt, and incorporate by reference all allegations set forth in the paragraphs above.

B. <u>Parties for This Civil RICO 1962(d) Claim</u>

123.    Plaintiffs KEVIN L. JETER, JOE A. JETER, JAMES H. MILLER, SHARON RIGSBY MILLER, LARRY SMITH, JANICE SUE PARKER, JAMES D. ENLOE, CAROLYN R. ENLOE and SCOTT BAILEY individually, and as Class Representatives on behalf of all

33

similarly-situated Persons ("the Class"), are the parties plaintiff to this cause of action.

124.    Defendants named in this RICO , Count IV, are Louise Kane Roark, Ann Kane Seidman, Mark Kane and CEP Mid-Continent LLC.

125.    Defendant CEP Mid-Continent LLC., is and at all pertinent times was a Delaware limited liability company organized and existing under the laws of the State of Delaware. CEP Mid-Continent LLC. was formerly known as CEP Cherokee Basin.

126.    Defendant Louise Rourke is a natural person, and a citizen of the State of Oklahoma. Louise Rourke owns a twenty-five percent interest in KRS&K which owns a fifty percent interest in Bullseye Energy, Inc., Bullseye Operating, LLC, Gashoma, Purgatory Creek Gas, Inc., White Hawk Gas, Wild West Gas, L.L.C., and New Cotton Valley Gas Transmission LLC..

127.    Defendant Ann Siedman is a natural person, and a citizen of the State of Pennsylvania. Ann Siedman owns a twenty-five percent interest in KRS&K which owns a fifty percent interest in Bullseye Energy, Inc., Bullseye Operating, LLC, Gashoma, Purgatory Creek Gas, Inc., White Hawk Gas, Wild West Gas, L.L.C., and New Cotton Valley Gas Transmission LLC.

128.    Defendant Mark Kane is a natural person, and a citizen of the State of Oklahoma. Mark Kane owns a twenty-five percent interest in KRS&K which owns a fifty percent interest in Bullseye Energy, Inc., Bullseye Operating, LLC, Gashoma, Purgatory Creek Gas, Inc., White Hawk Gas, Wild West Gas, L.L.C., and New Cotton Valley Gas Transmission LLC.

129.    18 U.S.C. § 1962(d), provides that it "shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

130.    Defendants Louise Kane Roark, Ann Kane Seidman, Mark Kane and CEP Mid-Continent LLC violated 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. §1962(c).

131.    Defendants Louise Kane Roark, Ann Kane Seidman, Mark Kane and CEP Mid-

Continent LLC were "persons" within the meaning of RICO, 18 U.S.C. §§ 1961(3) and 1962(d).

132.    Defendants Louise Kane Roark, Ann Kane Seidman, Mark Kane and CEP Mid-Continent LLC conspired with Robert M. Kane, Pamela Brown, and/or Gary Brown, for the common purpose, to (1) underpay the royalties belonging to Plaintiffs and the Class by calculating the royalties through self-dealing sales to affiliated purchasers instead of calculating the proper royalties owed to Plaintiffs and the Class based upon the sale of natural gas to the ultimate end purchasers; (2) to engaged in a common scheme, plan, and course, whereby deductions taken and continuing to be taken include certain deductions and expenses, which were and are prohibited by certain Leases and Oklahoma law; and (3) to engaged in a common scheme, plan and course of conduct, since the year 2000 (and continue to the present) to deprive Plaintiffs and the Class of full royalties arising from the true market sale of the Production.

133. The Kane Criminal Enterprise was engaged in, and its activities affected interstate commerce within the meaning of 18 U.S.C. § 1962(c).

134. As set forth above, Defendants Louise Kane Roark, Ann Kane Seidman, Mark Kane and CEP Mid-Continent LLC conducted or participated, directly or indirectly, in the conduct of the Kane Criminal Enterprise affairs through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5) in violation of 18 U.S.C. § 1962(c).

135. Defendants Louise Kane Roark, Ann Kane Seidman, Mark Kane and CEP Mid-Continent LLC were each associated with the Kane Criminal Enterprise and agreed and conspired to violate 18 U.S.C. § 1962(c), and agreed to conduct and participate, directly or indirectly, in the conduct of the affairs of the Kane Criminal Enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d).

136.    Defendants committed and caused to be committed a series of overt acts in

35

furtherance of the conspiracy and to accomplish the objects thereof, including but not limited to the acts set forth in the paragraphs above.

137.    As a direct and proximate result of the overt acts and predicate acts of in furtherance of violating 18 U.S.C. §1962(d) by conspiring to violate 18 U.S.C. § 1962(c), Plaintiffs, individually, have been and are continuing to be injured in their business and property in an amount to be determined at trial, but exceeds, upon information and belief, $66,000.00. Such injuries include, but are not necessarily limited to, the form of lost gas royalty property, as a direct, proximate, and foreseeable result of the scheme alleged herein.

138.    Compensatory damages against the Defendants Louise Kane Roark, Ann Kane Seidman, Mark Kane and CEP Mid-Continent LLC, for the underpayment of royalties to the Civil RICO Class Conspiracy members, in an amount, to be determined, at trial, but upon information and belief, exceeding the sum of Five Million Dollars ($5,000,000), exclusive of interest and costs. Such injuries include, but are not necessarily limited to, the form of lost gas royalty property, as a direct, proximate, and foreseeable result of the scheme alleged herein.

139.    Under the provisions of 18 U.S.C. § 1964(c), Defendants Defendants Louise Kane Roark, Ann Kane Seidman, Mark Kane and CEP Mid-Continent LLC are jointly and severally liable to Plaintiffs, individually, and the Class for three times the damages sustained, plus the costs of bringing this suit, including reasonable attorneys' fees.

## PRAYER AS TO CIVIL RICO 1962(d)-COUNT IV

WHEREFORE, Plaintiffs, KEVIN L. JETER, JOE A. JETER, JAMES H. MILLER, SHARON RIGSBY MILLER, LARRY SMITH, JANICE SUE PARKER, JAMES D. ENLOE, CAROLYN R. ENLOE, and SCOTT BAILEY individually, and as Class Representatives on behalf of all similarly-situated Persons ("the Class") pray for entry of a judgment in their favor and against

the Defendants Louise Kane Roark, Ann Kane Seidman, Mark Kane and CEP Mid-Continent LLC,

to include the following relief:

(a) Certification of Count IV, as a class action, pursuant to Fed.R.Civ.P. 23(b)(2) and/or 23(b)(3), and appointment of suitable Plaintiff(s) as Class Representatives and Plaintiffs' counsel as Class Counsel. A separate motion seeking such certification and appointment will be filed by Plaintiffs' counsel, after Class discovery and in accordance with the court's scheduling order;

(b) An injunction to enjoin Louise Kane Roark, Ann Kane Seidman, Mark Kane and CEP Mid-Continent LLC from any further conspiratorial racketeering acts;

(c) Awarding Plaintiffs, Kevin L. Jeter, Joe A. Jeter, James H. Miller, Sharon Rigsby Miller, Larry Smith, Janice Sue Parker, James D. Enloe, Carolyn R. Enloe, and Scott Bailey collectively, economic loss in the form of lost gas royalty property rights (i.e., royalties), to be proven and determined at trial, an amount, upon information and belief, exceeding the sum of, $66,000.00 Dollars;

(d) Awarding Plaintiffs, Kevin L. Jeter, Joe A. Jeter, James H. Miller, Sharon Rigsby Miller, Larry Smith, and Janice Sue Parker, James D. Enloe and Carolyn R. Enloe collectively, treble damages, for the loss of property rights (i.e., royalties) to be proven and determined, at trial, an amount, upon information and belief, exceeding the sum of $198,000.00, exclusive of interest and costs;

(e) Awarding Civil RICO Conspiracy Class Plaintiffs, individually, economic loss in the form of property rights (i.e., royalties), to be proven and determined, at trial, an amount, upon information and belief, exceeding the sum of sum of Five Million Dollars ($5.0 Million), exclusive of interest and costs;

(f) Awarding Civil RICO Conspiracy Class Plaintiffs treble damages, for the loss of property rights (i.e., royalties) to be proven and determined, at trial, but in an amount, upon information and belief, exceeding the sum of Fifteen Million Dollars ($15.0 Million), exclusive of interest and costs;

(g) Costs and compound interest as permitted by law;

(h) Pre-judgment and Post-judgment interest;

(i) An assessment of reasonable attorney's fee; and

(j) Any other relief, whether legal or equitable, to which Plaintiffs and Civil RICO Conspiracy Class Plaintiffs are entitled to under the evidence presented to the Court.

Respectfully submitted,

s/Robert Burton
Robert Burton
**The Burton Law Firm**
1611 South Utica Avenue, #335
Tulsa, OK 74104
(918) 607-4891
RobtBurton@aol.com

-AND-

Gary L Richardson
Charles Loy Richardson
Jason Charles Messenger
Mbilike Mwafulirwa
**Richardson Richardson & Boudreaux PLLC**
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
Phone: 918-492-7674
Fax: 918-493-1925
Email: glr@rrbklaw.com
         clr@rrbklaw.com
         jcm@rrbklaw.com
         mmm@rrbok.com
-AND-

Kevin D. Adams
Attorney at Law
210 West 12th Street
Tulsa, Oklahoma  74119
918-582-1313
LawyerAdams@me.com

**ATTORNEYS FOR PLAINTIFFS, KEVIN L. JETER, JOE A. JETER, BARBARA LUCAS, JAMES H. MILLER, SHARON RIGSBY MILLER, LARRY SMITH, AND JANICE SUE PARKER, JAMES D. ENLOE AND CAROLYN R. ENLOE INDIVIDUALLY AND AS CLASS REPRESENTATIVES ON BEHALF OF ALL SIMILARLY-SITUATED PERSONS**

38