**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KEVIN L. JETER, et al,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 15-CV-411-455 TCK-TLW** |
| **CEP MID-CONTINENT, LLC, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT STATUS REPORT

**Jury Demanded:** Yes X No

**I. Summary of Claims:**

Plaintiffs (and those pending class certification) are royalty owners in operating natural gas wells producing minerals through leases. The complaint asserts civil RICO claims against individual defendants who are not parties to any contract. The civil RICO allegations concern serious allegations of an intent to defraud and deceive the lessor Plaintiffs. These allegations go far beyond any simple breach of contract claim and bring them into the realm of RICO. Plaintiffs (and the Class) were injured by the royalty checks they received. Plaintiffs, assert, that the predicate acts (i.e., the false and fraudulent checks), that constitute mail fraud predicate acts, indictable under 18 U.S.C. §1341, were a substantial factor in causing injury to the Plaintiffs. The royalty checks took "unauthorized and unlawful deductions from royalties properly and lawfully belonging to Plaintiffs, under certain leases." As alleged in the complaint: "[t]his scheme to defraud occurred by means of false and/or fraudulent pretenses, representations, or promises in that false check stubs (showing zero or no deductions were taken from the proceeds of the sale of the natural gas) were deposited, sent, and/or delivered by the U.S. Postal Service to the Plaintiffs, on a monthly basis, since 2000." The Civil RICO Defendants (1) participated in the conduct (2) of an enterprise (3) through a pattern (4) of the above stated racketeering activity.

A. Claims to be Dismissed: None

**II. Summary of Defenses:**

1. Defendants deny that subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(1) and (2), properly lies before this Court, inasmuch as the CAFA exceptions set forth in §§ 1332(d)(4) and 1332(d)(3) of Title 28 apply here so as to require and/or permit this Court to decline to exercise jurisdiction over this proposed class action.

2. Defendants deny that subject matter jurisdiction under the Racketeer Influenced and Corruption Organization Act ("RICO"), 18 U.S.C. §§ 1341, 1961, and 1962, properly lies before this Court, inasmuch as the facts and the law in this case do not support such claims, and as such, this Court does not have "federal question" jurisdiction.

3. Defendants deny that this Court has supplemental jurisdiction with respect to any of the claims alleged by Plaintiffs.

4. Defendants deny this action is properly brought as a class action, deny that the class pled is a proper class, deny the applicability of 12 O.S. § 2023(b)(3), deny that a class should be certified under the Federal Rules of Civil Procedure or the Oklahoma Pleading Code, and deny that Plaintiffs are proper representatives of the putative class.

5. Defendants deny they have committed any action in violation of the civil RICO statutes.

6. Plaintiffs' action here is in violation of the common-law rule against claim-splitting.

7. Plaintiffs have improperly joined certain parties as Plaintiffs in this action in an attempt to avoid the common-law rule against claim-splitting.

A. Defenses to be abandoned: None.

**III. Motions Pending** (Include Docket Number, Description and Date at issue):

Docket No. 14 Defendants' Motion to Dismiss, at issue on October 30, 2015.

**IV. Stipulations:**

A. Jurisdiction Admitted: Admitted by Plaintiffs. Defendants deny that jurisdiction properly lies before this Court, inasmuch as the CAFA exceptions set forth in §§ 1332(d)(4) and 1332(d)(3) of Title 28 apply here so as to require and/or permit this Court to decline to exercise jurisdiction over this proposed class action. Defendants also deny that subject matter jurisdiction under RICO properly lies before this Court, inasmuch as the facts and the law in this case do not support such claims, and as such, this Court does not have "federal question" jurisdiction. Defendants also deny that this Court has supplemental jurisdiction with respect to any of the claims alleged by Plaintiffs.

B. Venue Appropriate: Admitted by Plaintiffs. Defendants deny that venue is appropriate before this Court for the reasons set forth in paragraph IV(A) above.

C. Facts: None.

D. Law: None.

**V. Proposed deadlines:**

**By Plaintiffs:**

Plaintiffs request that the Court enter the following scheduling order regarding class certification issues:

02/02/2016 Class Certification Expert Identification and Reports;

03/02/2016 Rebuttal Class Certification Expert Identification and Reports;

04/01/2016 Motion for Class Certification

04/22/2016 Response re Motion for Class Certification

05/04/2016 Reply in Support of Motion for Class Certification

05/25/2016 Class Certification Hearing at 1:30 P.M.

Plaintiffs request that the Court enter the following scheduling order regarding merits issues:

07/01/2016 Discovery Deadline

07/01/2016 Expert Identification and Reports under FRCP 26(a)(2)

08/01/2016 Rebuttal Expert Identification Reports under FRCP 26(a)(2)

10/01/2016 Expert Witness Discovery Deadline

07/15/2016 Dispositive Motions and Daubert Motions Deadline

08/15/2016 Motions in Limine

09/12/2016 Deposition/Interrogatory Designations

09/26/2016 Deposition/Interrogatory Counter-Designations

10/17/2016 Pretrial Disclosures under FRCP 26(a)(3)

11/01/2016 Transcripts Annotated with Objections (hard copy to court)

11/01/2016 Pretrial Order (Final Witness and Exhibit Lists)

12/01/2016 Jury Instructions, Voir Dire, Trial Briefs

11/14/2016 Pretrial Conference at 1:30 P.M.

12/12/2016 Trial Date: Jury at 9:30 A.M.

**By Defendants:**

Defendants intend to file a motion for summary judgment with respect to Plaintiffs' RICO claims, and believe such motion should be decided prior to any determination of class certification in this case, because if Plaintiffs do not have valid RICO claims, this Court does not have federal question jurisdiction of this matter. In such case, this Court would be called upon to decline to exercise jurisdiction as to this case under applicable CAFA exceptions. If Plaintiffs' RICO claims are able to survive Defendants' motion for summary judgment, Defendants believe that bifurcated proceedings are appropriate in this case, and that the issue of whether a class should be certified as to Plaintiffs' claims should be decided before the parties are required to incur the expenditures of time and expense necessary for a merits discovery and a merits trial. Accordingly, Defendants propose the following deadlines:

1. Defendants' Motion for Summary Judgment: January 15, 2016;

2. Plaintiffs' Response to Defendants' Motion for Summary Judgment: January 29, 2016;

3. Defendants' Reply in Support of Motion for Summary Judgment: February 8, 2016;

4. Plaintiffs' Preliminary Witness and Exhibit Lists for Class Certification: January 15, 2016;

5. Defendants' Preliminary Witness and Exhibit Lists for Class Certification: January 29, 2016;

6. Deadline for Fact Discovery on Class Certification Issues: February 14, 2016;

7. Plaintiffs' Class Certification Expert Identification and Reports: February 24, 2016;

8. Defendants' Class Certification Expert Identification and Reports: March 24, 2016;[1]

9. Deposition(s) of Plaintiffs' Expert(s): to be completed by March 24, 2016;

---

1 Defendants strongly urge this Court to set staggered dates for the submission of Plaintiffs' and Defendants' Class Certification Expert Identification and Reports in order to avoid Plaintiffs' filing of improper sur-rebuttal expert reports, which occurred as a result of the previous submission of simultaneous expert reports under the prior scheduling order in Case No. 12-CV-411-TCK-TLW.

10. Deposition(s) of Defendants' Expert(s): to be completed by April 25, 2016;

11. Plaintiffs' Motion for Class Certification: May 5, 2016;

12. Defendants' Response to Motion for Class Certification: June 6, 2016;

13. Plaintiffs' Reply in Support of Motion for Class Certification: June 16, 2016;

14. To the extent Plaintiffs, in responding to the contentions, arguments and showings in Defendants' Response, raise new matter in their Reply, Defendants may seek leave of Court to file a sur-reply subject to a page limitation to be specified in the Court's order, if such leave is granted;

15. Parties exchange deposition designations and Final Witness and Exhibit Lists: June 16, 2016;

16. Parties exchange counter designations: June 30, 2016;

17. All objections to witnesses, exhibits, deposition designations and counter-designations: July 11, 2016;

18. Responses to objections to witnesses, exhibits, deposition designations and counter-designations: July 18, 2016;

19. Defendants request that an evidentiary hearing on class certification issues be scheduled by the Court for a date convenient for the Court after the filing of responses to objections to witnesses, exhibits, deposition designations, and counter-designations;

20. Defendants request that a new scheduling order, addressing deadlines for a trial on the merits, if any, be entered after the Court's decision regarding certification.

**VI. Fed.R.Civ.P. 26(f) Discovery Plan:**

A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?

**Plaintiffs:** No.

**Defendants:** Yes, with respect to Rule 26(a)(2) relating to expert disclosures.

B. When were or will initial disclosures under Rule 26(a)(1) be made?

**Plaintiffs:** Within 15 days of the Joint Status Report.

**Defendants:** Within 30 days of the filing of the Joint Status Report.

C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?

**Plaintiffs:** No - *See* Section V above.

**Defendants:** Yes - *See* Section V above.

D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?

**Plaintiffs:** Yes. *Number of Interrogatories:* Plaintiffs request thirty-five (35) interrogatories per party. And, Discovery related to class certification issues should not count against the limits set forth in Federal Rules of Civil Procedure 31, 33, 34, and 36.

**Defendants**: Yes. Discovery related to class certification issues should not count against the limits set forth in Federal Rules of Civil Procedure 31, 33, 34, and 36.

E. Proposed Number of Fact and Expert Depositions:

**Plaintiffs:** Twenty-five (25) fact witnesses and five (5) expert witnesses with the same for Defendants collectively.

**Defendants:** Defendants contemplate offering six (6) fact witnesses related to class certification issues and three (3) expert witnesses related to class certification issues. These witnesses are for the purposes of class certification discovery and hearing only. If the Court should deny bifurcated proceedings, Defendants reserve the right to add fact and expert witnesses.

F. Is there any need for any special discovery management order(s) by the Court?

**Plaintiffs:** Yes - *See* Section V, above.

**Defendants**: The requirement of Disclosure of Expert Testimony under Federal Rule of Civil Procedure 26(a)(2) should be modified as set forth in Section V, above.

G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII. Are Dispositive Motions Anticipated?**

Yes.

If yes, describe them.

**Plaintiffs:** None anticipated at this time.

**Defendants:** Defendants anticipate filing a motion for summary judgment with respect to Plaintiffs' RICO claims.

**VIII. Do All Parties Consent to Trial Before the Assigned Magistrate Judge?** No.

**IX. Is There Any Matter That Should be Referred to the Assigned Magistrate Judge for Final Disposition Upon Partial Consent of all the Parties Pursuant to Local Rule 73.1?**

No.

**X. Settlement Plan.**

**Plaintiff:** Plaintiffs request that the Court enter a settlement conference order appointing an adjunct settlement judge with oil and gas contract, class action, and civil RICO expertise.

**Defendants:** Defendants request that this case be referred for ADR with a neutral third party experienced in oil and gas matters and with civil RICO expertise.

**XI. Does this Case Warrant Special Case Management**?

**Plaintiffs:** Yes - *see* Section V, above.
**Defendants:** Yes - *see* Section V, above.

**XII. Do the Parties Request that the Court Hold a Scheduling Conference**?

**Plaintiffs:** Yes.

**Defendants:** Yes.

**APPROVED AS TO FORM AND CONTENT:**

Submitted this 11th day of December, 2015.

Respectfully submitted,

/s/Robert Burton
Robert Burton
**The Burton Law Firm**
1611 South Utica Avenue, #335
Tulsa, OK 74104
(918) 607-4891
RobtBurton@aol.com

-AND-

Gary L Richardson
Charles Loy Richardson
Jason Charles Messenger
Mbilike Mwafulirwa
**Richardson Richardson Boudreaux PLLC**
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
Phone: 918-492-7674
Fax: 918-493-1925
Email: glr@rrbklaw.com
clr@rrbklaw.com
jcm@rrbklaw.com
mmm@rrbok.com

-AND-

Kevin D. Adams
Attorney at Law
210 West 12th Street
Tulsa, Oklahoma 74119
918-582-1313
LawyerAdams@me.com

**ATTORNEYS FOR PLAINTIFFS, KEVIN L. JETER, JOE A. JETER, BARBARA LUCAS, JAMES H. MILLER, SHARON RIGSBY MILLER, LARRY SMITH, AND JANICE SUE PARKER, JAMES D. ENLOE, CAROLYN R. ENLOE, AND SCOTT BAILEY, INDIVIDUALLY AND AS CLASS REPRESENTATIVES ON BEHALF OF ALL SIMILARLY-SITUATED PERSONS**

/s/ J. Kevin Hayes
J. Kevin Hayes, OBA #4003
Pamela S. Anderson, OBA #11613
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3708
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
E-mail: khayes@hallestill.com
E-mail: panderson@hallestill.com

**ATTORNEYS FOR DEFENDANTS CEP MID-CONTINENT L.L.C., ROBERT M. KANE, LOUISE KANE ROARK, ANN KANE SEIDMAN, MARK KANE, PAMELA BROWN, and GARY BROWN**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

J. Kevin Hayes
Pamela S. Anderson
Dawson A. Brotemarkle
Gary L. Richardson
Charles Loy Richardson
Jason Charles Messenger
Mbilike Mwafulirwa
Kevin D. Adams

/s/Robert Burton