# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN JETER, ) | |
| JOE A. JETER, ) | |
| BARBARA LUCAS, ) | |
| JAMES H. MILLER, ) | |
| SHARON RIGSBY MILLER, ) | Case No. 12-CV-411-TCK-PJC |
| LARRY SMITH, ) | |
| JANICE SUE PARKER, ) | |
| individually and as Class Representatives ) | |
| on Behalf of All Similarly-Situated Persons, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BULLSEYE ENERGY INC., ) | |
| CEP MID-CONTINENT, LLC, ) | |
| KRS&K, an Oklahoma Partnership, ) | |
| GASHOMA, INC. ) | |
| PURGATORY CREEK GAS, INC., ) | |
| REDBIRD OIL, an Oklahoma Partnership, ) | |
| WILD WEST GAS, LLC, ) | |
| WHITE HAWK GAS, INC., ) | |
| FOUNTAINHEAD, LLC, ) | |
| ROBERT M. KANE, ) | |
| LOUISE KANE ROARK, ) | |
| ANNE KANE SEIDMAN, ) | |
| MARK KANE, ) | |
| PAMELA BROWN, ) | |
| GARY BROWN, ) | |
| ) | |
| Defendants.[1] ) | |
| | |
| and | |
| | |
| KEVIN JETER, ) | |
| JOE A. JETER, ) | Case No. 15-CV-455-TCK-TLW |
| BARBARA LUCAS, ) | |

---

[1] Based on the Court's Opinion and Order dated October 14, 2015 (Doc. 151), Defendants Gashoma, Inc., Purgatory Creek Gas, Inc., Redbird Oil, Wild West Gas, LLC, and White Hawk Gas, Inc. have been dismissed. Fountainhead, LLC was dismissed by stipulation of the parties.

| | |
|---|---|
| JAMES H. MILLER, | ) |
| SHARON RIGSBY MILLER, | ) |
| LARRY SMITH, | ) |
| JANICE SUE PARKER, | ) |
| JAMES D. ENLOE, | ) |
| CAROLYN R. ENLOE, and | ) |
| SCOTT BAILY, | ) |
| individually and as Class Representatives | ) |
| on Behalf of All Similarly-Situated Persons, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CEP MID-CONTINENT, LLC, | ) |
| ROBERT M. KANE, | ) |
| LOUISE KANE ROARK, | ) |
| ANNE KANE SEIDMAN, | ) |
| MARK KANE, | ) |
| PAMELA BROWN, and | ) |
| GARY BROWN, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are Joint Status Reports filed in Case No. 12-CV-411-TCK-PJC ("12-CV-411") (Doc. 170) and Case No. 15-CV-455-TCK-TLW ("15-CV-455") (Doc. 29).

**I.   Consolidation**

Based on review of the Joint Status Reports, the Second Amended Complaint in 12-CV-411, and the Complaint in 15-CV-455, it is clear that the cases involve numerous common questions of law and fact. The RICO claims asserted in 15-CV-455 against CEP Mid-Continent, the Kane family members, and the Browns are identical or substantially similar to the newly added RICO claims in 12-CV-411. The only difference is that the claims in 15-CV-455 are asserted by three additional named Plaintiffs -- James Enloe, Carolyn Enloe, and Scott Baily. Because the Court permitted

2

Plaintiffs' proposed amendment, the new case is essentially subsumed within the original case. There is no reason for the cases to proceed separately, and consolidation will further the interest of judicial economy. Therefore, the Court *sua sponte* consolidates 12-CV-411 and 15-CV-455 for all purposes, including trial, pursuant to Federal Rule of Civil Procedure 42(a)(2). *See Maiteki v. Marten Transp. Ltd.*, No. 12-CV-2021-WJM-CBS, 2014 WL 4331664, at *1 (D. Colo. Sept. 2, 2014) (consolidating cases *sua sponte* based on common questions of law and fact and explaining that Rule 42 "give[s] the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties").[2]

## II.  Rulings on Scheduling Issues

There are three primary issues raised in the Joint Status Reports, and the Court issues the following rulings on such issues. First, the Court rejects Plaintiffs' proposal to hold a preliminary class-certification hearing on the claims asserted in their original Complaint in 12-CV-411 and then hold a second class-certification hearing on the newly asserted RICO claims in 12-CV-411 and originally asserted in 15-CV-455. The Court agrees with Defendants that Plaintiffs' original motion for class certification in 12-CV-411 and all related motions are moot in light of the Second Amended Complaint. However, the parties have completed significant discovery and work toward class-certification questions, and this should be taken into account in the setting of a new schedule.

Second, the Court rejects Defendants' proposal to delay class-certification briefing until after the Court rules on their anticipated motion for summary judgment on Plaintiffs' RICO claims. The

---

[2] In its Opinion and Order dated October 14, 2015 (Doc. 151), the Court ordered the parties to include proposed deadlines for any motions to consolidate. Neither party did so, indicating that neither party intends to move for consolidation of the two actions.

Court denied the equivalent of a Rule 12(b)(6) motion on the RICO claims, (*see* 12-CV-411, Doc. 151), and does not intend to further delay this lawsuit based upon Defendants' persistent hope that they will end up in a state forum. Put simply, it is time for Defendants to focus their attention on defending this case in federal court. The Court shall proceed as it would in any typical class action, which is to decide class-certification issues prior to summary judgment motions. (*See, e.g.,* 12-CV-11, Scheduling Order, Doc. 73.) If necessary, following any rulings on motions for summary judgment, the Court will determine in what forum the remaining claims must or should proceed.

Finally, the Court agrees with Defendants that staggered dates should be set for the submission of expert reports. (*See* JSR, 12-CV-411, Doc. 170, footnote 5.)

The matters of conducting a scheduling conference and entering a schedule consistent with this Opinion and Order are referred to United States Magistrate Judge Paul Cleary.

### III. Conclusion

It is hereby ORDERED:

1. 15-CV-455 is consolidated with 12-CV-411 for all purposes, including trial. All future pleadings shall be filed in 12-CV-411, and 15-CV-455 shall be closed. The parties shall use the case caption attached as "Exhibit A" to this Opinion and Order as the case caption for all future filings.

2. United States Magistrate Judge Paul Cleary, the magistrate assigned to 12-CV-411, shall be the magistrate judge for the consolidated action.

3. <u>12-CV-411</u>: Plaintiffs' Motion to Certify a Class Against Wild West Gas, LLC & Bullseye Energy, Inc. (Doc. 114); Defendants' Motion to Strike the Proposed Amended Class Definition (Doc. 128); Defendants' Motion to Exclude Expert Report of John Burritt

McArthur (Doc. 134); and Defendants' Motion to Strike Sur-Rebuttal Report of John Burritt McArthur and Rebuttal Expert Report of Rick Harper (Doc. 143) are DENIED as moot based on filing of the Second Amended Complaint, without any prejudice to re-filing.

4. <u>15-CV-455</u>: Defendants' Motion to Dismiss Complaint (Doc. 14) is DENIED for the reasons set forth in the Court's Opinion and Order dated October 14, 2015 in 12-CV-411 (Doc. 151).

**IT IS SO ORDERED** this 5th day of January, 2016.

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN JETER, | ) | |
| JOE A. JETER, | ) | |
| BARBARA LUCAS, | ) | |
| JAMES H. MILLER, | ) | |
| SHARON RIGSBY MILLER, | ) | |
| LARRY SMITH, and | ) | |
| JANICE SUE PARKER, | ) | |
| individually and as Class Representatives | ) | |
| on Behalf of All Similarly-Situated Persons, | ) | |
| | ) | Case No. 12-CV-411-TCK-PJC |
| Plaintiffs, | ) | <u>BASE FILE</u> |
| | ) | |
| and | ) | |
| | ) | Consolidated with: |
| JAMES D. ENLOE, | ) | Case No. 15-CV-455-TCK-PJC |
| CAROLYN R. ENLOE, and | ) | |
| SCOTT BAILY, | ) | |
| individually and as Class Representatives | ) | |
| on Behalf of All Similarly-Situated Persons, | ) | |
| | ) | |
| Consolidated Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BULLSEYE ENERGY INC., | ) | |
| CEP MID-CONTINENT, LLC, | ) | |
| KRS&K, an Oklahoma Partnership, | ) | |
| GASHOMA, INC., | ) | |
| PURGATORY CREEK GAS, INC., | ) | |
| REDBIRD OIL, an Oklahoma Partnership, | ) | |
| WILD WEST GAS, LLC, | ) | |
| WHITE HAWK GAS, INC., | ) | |
| FOUNTAINHEAD, LLC, | ) | |
| ROBERT M. KANE, | ) | |
| LOUISE KANE ROARK, | ) | |
| ANNE KANE SEIDMAN, | ) | |
| MARK KANE, | ) | |
| PAMELA BROWN, and | ) | |
| GARY BROWN, | ) | |
| | ) | |
| Defendants/ | ) | |
| Consolidated Defendants. | ) | |